**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

FAMILY FIRST LIFE, LLC,

        Plaintiff,

v.

DAVID RUTSTEIN, a/k/a DAVID GORDON a/k/a BOB GORDON, a/k/a NATE GOLDEN; MINDY RUTSTEIN; ERIC SAVAGE; SAVAGE FINANCIAL GROUP; and the NATIONAL ASSOCIATION OF ACCREDITED INSURANCE PROFESSIONALS

Case No. 9:22-cv-80243-AMC

        Defendants.

_____/

**PLAINTIFF'S MOTION TO ENFORCE PRELIMINARY INJUNCTION, FOR CONTEMPT, AND FOR SANCTIONS AGAINST DAVID RUTSTEIN**

Plaintiff Family First Life ("FFL") respectfully moves this Court to hold Defendant David Rutstein ("Defendant" or "Mr. Rutstein") in civil contempt of Court for his ongoing violations of this Court's Order Granting in Part and Denying in Part Plaintiff's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction (filed April 5, 2022) (ECF No. 28) ("Order" or "PI Order"), and to impose sanctions upon Defendant, including, but not limited to a coercive daily fine and compensatory attorney's fees and costs.  Mr. Rutstein has flouted and continues to make a mockery of this Court's PI Order, warranting sanctions.

**I.      STATEMENT OF FACTS**

In this Lanham Act, unfair competition, and defamation case, this Court entered a preliminary injunction against Mr. Rutstein on April 5, 2022. Per the terms of the PI Order, the Court preliminarily restrained Mr. Rutstein from:

(a) Engaging in the unlicensed practice of insurance, including by sharing comparisons or interpretations of any insurance policies or opportunities offered by Plaintiff and its employees, Agents, independent contractors, and associated insurance providers, either verbally or through the Internet;

(b) Harassing or threatening Plaintiff and its employees, Agents, independent contractors, and associated insurance providers;

(c) Soliciting Plaintiff's Agents through (a) or (b); and

(d) Directing any individuals or entities to take part in (a), (b), or (c).

*Id.* at 9.

Further, the Court ordered Mr. Rutstein to "immediately remove [within ten days of receiving notice of the Order] from any websites and social media accounts any communications and videos in which he engages in the unlicensed practice of insurance, including by sharing comparisons or interpretations of any insurance policies or opportunities offered by Plaintiff and its employees, Agents, independent contractors, and associated insurance providers." *Id.* at 10. On April 14, 2022, counsel for FFL, Marisa Maleck, emailed the PI Order to Mr. Rutstein at the email david@naaip.org. *See* Ex. A.

Despite having notice of the PI Order entered against him, Mr. Rutstein is flagrantly violating every part of it. In fact, for the past month, he has escalated all his illegal actions, and has publicly boasted that he is doing it to pressure FFL to drop this lawsuit.

Mr. Rutstein continues to post and upload to the Internet numerous videos that depict him engaging in the practice of insurance and/or expressing a plan to do so. In these videos, he oftentimes interviews current or past FFL-affiliated independent contractors Agents, discusses different insurance-related strategies or opportunities, continues to carry on the unlicensed practice of advising insurance Agents, and brags that he is attempting to pressure FFL into dropping this lawsuit. In many of these "interviews", Mr. Rutstein actively tries to recruit Agents to join NAAIP as a business opportunity for them to expand their insurance business.

By way of example only:

- On June 13, 2022, Mr. Rutstein posted to YouTube an interview with former FFL-affiliated independent contractor insurance Agent, Marlene Daley. *See* https://tinyurl.com/bdfczds8. In that video, Mr. Rutstein discusses the insurance industry including the use or purchase of leads and consistently pressures Ms. Daley to allege that she incurred financial losses related to FFL based on her purchase of insurance leads despite Ms. Daley's persistence that she did not want to speak with Mr. Rutstein about that subject. *Id*.

- On June 9, 2022, Mr. Rutstein posted to YouTube interviews he conducted with current and former FFL-affiliated independent contractor insurance Agents Amy Hernandez (current FFL-affiliated Agent), https://tinyurl.com/ye6n6pm6; Willie Philon (former FFL-affiliated Agent), https://tinyurl.com/4cmyprww; and Mike Shless,

https://tinyurl.com/hrmbjy49. In those videos, Mr. Rutstein discussed his opinions of strategies in the insurance industry and opportunities in insurance either through his company (NAAIP) or otherwise.

- On June 8, 2022, Mr. Rutstein posted to YouTube an interview with FFL-affiliated independent contractor insurance Agent Tyra Hamilton. *See* https://tinyurl.com/2p8jpekm. In that video, Mr. Rutstein discusses insurance leads, lead strategies, and he once again attempts to lead Ms. Hamilton through his false talking points about FFL.

- On June 7, 2022, Mr. Rutstein held a live daily conference call in which he stated that before the Court entered its PI Order he or his company would refer agents to Medicare Advantage carriers and that NAAIP would "get back into it" when this lawsuit "blows over." *See* Declaration of Marisa Maleck in Support of the Motion for Contempt at 9 ("Maleck Declaration").

- On June 7, 2022, Mr. Rutstein taped a video of former FFL-affiliated independent contractor insurance Agent Alene Maag, gave her unlicensed legal and insurance advice, and encouraged her to sue FFL based on his false and defamatory theories that he continues to spread as part of his smear campaign against FFL. *See* https://youtu.be/6tifH_C6mP8?t=193.

- On June 1, 2022, Mr. Rutstein posted to YouTube an interview with insurance agent Mario Herfy. In that interview, Mr. Rutstein leads Mr. Herfy through a discussion related to the use of leads in the insurance industry and problems with companies that sell leads. Mr. Rutstein further

4

discusses the witnesses who might testify in this case and how the trial will take longer than three days, in another apparent attempt to pressure FFL into dropping its claims against him. *See* https://tinyurl.com/3rh3dbp5.

- On June 1, 2022, Mr. Rutstein posted to YouTube an interview with former FFL-affiliated independent contractor insurance Agent Guy McCord. At the end of that interview, Mr. Rutstein says that his "full-time" job is currently interviewing insurance agents to get them to testify in his upcoming trial and "assumes" the case will be dropped if he gets enough witnesses. *See* https://tinyurl.com/2tvdrwrs.

- On May 31, 2022, Mr. Rutstein posted to YouTube an interview with insurance agent Martin Gardner in which they discuss insurance lead sales companies. *See* https://tinyurl.com/2p9ajxwr.

- On May 29, 2022, Mr. Rutstein posted to YouTube a video of an interview with former FFL-affiliated independent contractor insurance Agent Brian Davis. In the beginning of that video, Mr. Rutstein and Mr. Davis discuss the insurance sales industry. At the end of the video, Mr. Rutstein states that certain insurance agents sell overpriced policies and again raises the specter of elder abuse. *See* https://tinyurl.com/yp7znh8h. Mr. Rutstein points out this video to the Court in his own motions and pleadings. *See* Dkt. 52 at 3; Dkt. 53 at 3.

- On May 27, 2022, Mr. Rutstein posted to YouTube a video of an interview with Martin Gardner. In that video, Mr. Rutstein identifies himself as

- associated with NAAIP and directs viewers to visit NAAIP's website for information about insurance leads. Mr. Rutstein ends by telling Mr. Gardner that the purpose of his series of interviews is to pressure FFL to drop this lawsuit. *See* https://tinyurl.com/ysaa97a2.

- On May 21, 2022, Mr. Rutstein posted an audio recording of an interview with former FFL-affiliated independent contractor insurance Agent Greg Birch to the same YouTube channel. *See* https://tinyurl.com/3r2d3rjb. In this interview, Mr. Rutstein opines on insurance carriers and products including making allegations that a certain carrier has "higher commissions and higher prices" and that its policies are "easy to replace" as well as "[being] overpriced." *Id.*

- On May 17, 2022, Mr. Rutstein, through his alter ego NAAIP, posted to YouTube a video in which he discusses and compares various types of insurance. *See, e.g.,* https://tinyurl.com/43tk5a6r.

In these video interviews, Mr. Rutstein has also continued to harass and solicit FFL-affiliated independent contractor insurance Agents, including by making baseless but reputationally harmful accusations to FFL's independent contractor insurance agents that FFL is engaged in "elder abuse" in violation of the Court's PI Order. In several of the interviews detailed above, Mr. Rutstein continues discussing his frivolous theories of elder abuse, all of which are based on Mr. Rutstein's inaccurate belief of the duties or obligations required of state-regulated insurance agents.

In addition to Mr. Rutstein actively violating the Court's PI Order by posting new videos wherein he is unlawfully participating in the insurance business, Mr. Rutstein has failed to remove older videos that clearly should have been removed pursuant to this Court's PI Order. For example, several of Mr. Rutstein's videos remain online, including ones wherein Mr. Rutstein (1) reads and discusses phone scripts for insurance sales (*see, e.g.,* https://tinyurl.com/3psrdmr9), and (2) discusses commission levels in the insurance industry, mentions that NAAIP is his company, and states that he is willing to talk to people to teach them how to generate insurance leads (*see, e.g.,* https://tinyurl.com/3pmehb9a).

Setting aside his ongoing unlawful practice of insurance, Mr. Rutstein also continues to violate the Court's PI Order by directly contacting FFL associates and harassing them. By way of example only:

- On June 3, 2022, Mr. Rutstein (through the alias "David Gordon," at david@naaip.org) emailed FFL-affiliated independent contractor insurance Agent Ronald Miller (and potentially countless others) in an effort to solicit more so called "witnesses" to help in defending against the lawsuit. *See* June 3, 2022 Email from D. Gordon to R. Miller (Ex. C). Mr. Rutstein states "**My job for the next year is to interview more agents**. An agent a day. If the lead-selling IMO believes that I have countless friends, then they will come to their senses and drop the lawsuit." *Id.* In this email, Mr. Rutstein again provides a link to the May 21 video involving Mr. Birch, to further spread his baseless allegations of elder abuse and lead fraud against

- FFL, presumably to further pressure FFL to drop the lawsuit against him. *Id.*

- On May 30, 2022, Mr. Rutstein (through "David Gordon," one of his aliases, at david@naaip.org) emailed FFL's Brand Advisor and Data Analyst, Ed Terrell, and told him that FFL may be involved in "criminal activity," including "elder abuse," and insisted that he is "ethically required to act" including by filing a state consumer complaint with his home State's department of insurance against FFL. *See* May 30, 2022 Email from D. Gordon to E. Terrell (Ex. B).

Mr. Rutstein has even started to harass FFL's counsel, suggesting that he will continue to barrage her with emails, calls, and threats until FFL drops the lawsuit. By way of example only:

- On June 14, 2022, Mr. Rutstein called counsel for FFL, Marisa Maleck, and stated that FFL will "lose so bad" if it presses forward with this lawsuit because interviewing insurance agents is now his "full time job." Mr. Rutstein went on to say that if FFL persists with the lawsuit there will be a movie one day and it will be called "Wolf of Wall Street on Steroids" and Ms. Maleck will be portrayed in the movie. *See* Maleck Declaration at 8.

- On June 8, 2022, Mr. Rutstein sent an email to FFL's counsel, Marisa Maleck, with the following message: "are you guys regretting about the lawsuit, when I could have just forgotten that FFL exists? The videos will be on this playlist." *See* Maleck Declaration at 5. Mr. Rutstein immediately

followed up with another email that included an interview with FFL associated agent Tyra Hamilton. *See* Maleck Declaration at 6. In that video, Mr. Rutstein discusses insurance leads, lead strategies, and he once again attempts to lead Ms. Hamilton through his false talking points about FFL and leads.

Mr. Rutstein's non-compliance is willful. In several videos, Mr. Rutstein brags that his unfair and illegal harassment campaign against FFL is working. He boasts that "all this publicity that Mindy Rutstein is doing" is making FFL "look bad . . . so [FFL] won't be honored by these [insurance] companies." https://tinyurl.com/3r2d3rjb.[1]

In response to Mr. Rutstein's most recent barrage of attacks, FFL has been forced to expend numerous resources and countless hours defending itself against the very conduct the Court's PI prohibited. Due to Mr. Rutstein's intransigence, the situation remains largely unchanged, with Mr. Rutstein continuing to flout the law and yet another Court order.

## II. ARGUMENT AND CITATION OF AUTHORITIES

To enforce its PI Order, this Court should hold Mr. Rutstein in civil contempt; impose penalties necessary and proper to both remedy and punish his willful noncompliance and to ensure full and immediate compliance with this Court's PI Order; and order Mr. Rutstein to indemnify FFL for its actual losses resulting from

---

[1] In this video, Mr. Rutstein brags that he is behind some of Mindy Rutstein's accounts. In another video, Mr. Rutstein states that Mindy Rutstein's Facebook "in essence was my Facebook, Mindy was never involved in this, it was all me." https://tinyurl.com/bdfczds8.

his failure to comply with this Court's PI Order, including, but not limited to, FFL's attorney's fees and costs.

### A. The Court has Discretion to Enforce its PI Order Through a Contempt Proceeding.

A preliminary injunction "can be enforced, if necessary, through a contempt proceeding." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002) (citing *Doe v. Bush,* 261 F.3d 1037, 1064 (11th Cir. 2001). "The court's power to enforce compliance with its lawful orders is inherent." *Popular Bank of Fla. v. Banco Popular de Puerto Rico,* 180 F.R.D. 461, 465 (S.D. Fla. 1998) (*United States v. Barnette*, 129 F.3d 1179 (11th Cir. 1997)). District courts have statutory authority to enforce their orders by fine or imprisonment, or both. *See* 28 U.S.C. § 401(3) ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful . . . order . . . .").

Civil contempt proceedings are "[f]requently used in injunction actions," and have been recognized as "useful methods for enforcing judicial orders." *Popular Bank*, 180 F.R.D. at 465 (citing Charles A. Wright, Arthur R. Miller, Mary K. Kane, 11A Federal Practice and Procedure section 2960, 374 (1995)). Such "proceedings may be employed to coerce a contemnor into compliance with the court's order and to compensate a complainant for losses sustained." *Id.* (citing *Martin v. Guillot*, 875 F.2d 839 (11th Cir. 1989)).

### B. This Court Should Find Defendant in Civil Contempt and Order Compliance with the Preliminary Injunction.

This Court may "make a finding of civil contempt—that is, willful disregard of the authority of this Court" if "[t]he clear and convincing evidence [ ] establish[es] that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Georgia Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007) (citing *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir.2000)). As in similar cases, all three elements are easily satisfied. *See, e.g., Bank of Am., N.A. v. United Cities Grp., Inc.*, No. 08-21917-CIV, 2009 WL 855987, at *6 (S.D. Fla. Mar. 31, 2009) (adopting magistrate report and recommendation and granting the motion for sanctions for failure to comply with a preliminary injunction).

1. **This Court's PI Order is valid and lawful.**

The Court entered the PI Order on April 5, 2022 after holding a hearing and making all necessary findings. As required by Federal Rule of Civil Procedure 65(a)(1), Mr. Rutstein had notice of the hearing via email to david@naaip.org, and he "acknowledged receipt of the notice during a telephone conversation with Plaintiff's counsel. . . ." ECF No. 28 at 4–5. The PI Order satisfied all other requirements of Federal Rule of Civil Procedure 65. Accordingly, the PI is valid and lawful.

2. **David Rutstein is in violation of the clear and unambiguous terms of this Court's PI Order.**

"In determining whether a party is in contempt of a court order, the order is subject to reasonable interpretation, though it may not be expanded beyond the meaning of its terms absent notice and an opportunity to be heard." *Riccard,* 307 F.3d at 1296. The PI Order clearly and

11

unambiguously orders Mr. Rutstein to stop doing four things and to affirmatively do one thing. He must stop (1) engaging in the unlicensed practice of insurance (which includes at least sharing comparisons or interpretations of any insurance policies or opportunities that FFL and its associates offer) either verbally or through the Internet; (2) harassing or threatening FFL and its associates; (3) soliciting FFL-associated independent contractor insurance Agents through either engaging in the unlicensed practice of insurance or through harassing or threatening them; and (4) directing anyone to undertake any of these actions. He must also remove all content from the Internet where he engages in the unlicensed practice of insurance. *See* ECF No. 28 at 9–10 (filed April 5, 2022). Mr. Rutstein continues to be in violation of all of the PI Order's main requirements.

*First*, Mr. Rutstein has continued to engage in the unlicensed practice of insurance through opining on and comparing insurance products, leads and lead strategies, and business opportunities in or related to the insurance industry. As explained in Section I, Mr. Rutstein continues to make videos almost on a daily basis about insurance products including his opinions about what he considers to be inferior insurance products, overpriced products, particular carriers' products, leads, lead costs, lead quality, and opportunities at NAAIP. Since the Court entered the PI Order, he has only doubled down on those statements on the NAAIP YouTube page. Based on that evidence alone, Mr. Rutstein has proven that he is willfully and intentionally violating the Court's PI Order.

*Second*, Mr. Rutstein has continued to harass and threaten FFL and its employees, independent contractor insurance Agents, and associated insurance carriers. He continues to make baseless, yet commercially harmful, accusations to independent contractor insurance Agents associated with FFL that FFL is

committing elder abuse. And he continues to disparage insurance carriers like Americo. This is a continuation of the pattern of false allegations that led FFL to file its motion for a temporary restraining order in the first place. As the interview series and emails to Mr. Terrell, Mr. Miller, and who knows who else demonstrate, Mr. Rutstein has continued to contact FFL independent contractor insurance Agents to harass or threaten them unless they too attack FFL. And as his calls demonstrate, he has continued to solicit agents to work for him at NAAIP.

*Third*, as of the time of filing this Motion, Mr. Rutstein has failed to remove from the Internet all content where he engages in the unlicensed practice of insurance. Remaining on the YouTube page of Mr. Rutstein's alter ego, NAAIP, are videos of Mr. Rutstein engaging in the practice of insurance, as described in Section I. He only continues to persist in posting even more videos that do the same.

### 3. David Rutstein can comply with the PI Order.

The requirements of the PI Order are simple and there is no reason to believe that complying with it is outside of Mr. Rutstein's ability. Indeed, he has removed some but not all of the online content he was ordered to remove, demonstrating that he has chosen to only partially comply at best. He has also chosen to upload new content in direct violation of this Court's PI Order. To comply with the Court's restraint on practicing insurance, he does not need to do anything at all. Yet, he has chosen to engage in the insurance industry regardless. All the evidence shows that Mr. Rutstein is willfully noncompliant.

### C. This Court Should Grant Sanctions Against David Rutstein.

"District courts have broad discretion in fashioning civil contempt sanctions." *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1519 (11th Cir. 1990) (citing *United States v. United Mine Workers of America*, 330 U.S. 258, 303–04 (1947)). Further, "[t]he measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (quoting *EEOC v. Guardian Pools, Inc.*, 828 F.2d 1507, 1515 (11th Cir. 1987)). In civil contempt proceedings, sanctions "may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *F.T.C. v. Leshin*, 719 F.3d 1227, 1231 (11th Cir. 2013) (quoting *Local 28 of Sheet Metal Workers' Int'l Ass'n v. EEOC*, 478 U.S. 421, 443, 106 S.Ct. 3019, 92 L.Ed.2d 344 (1986)).

In fashioning civil contempt sanctions, district courts have "numerous options," including, but not limited to, a coercive daily fine, a compensatory fine, and attorney's fees and expenses. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (citing *Matter of Trinity Industries, Inc.*, 876 F.2d 1485, 1494 (11th Cir. 1989)). Here, FFL respectfully asks this Court to impose a coercive daily fine upon Mr. Rutstein until such time as he comes into full compliance with the PI Order, in an amount the court deems proper, as well attorney's fees and costs to compensate FFL for the losses it has sustained as a result of having to address yet again Mr. Rutstein's continuing willful and lawless conduct. Indeed, Mr. Rutstein has now resorted to extortion with his suggestions that he will continue to harass agents under the pretext of needing "witnesses" if FFL doesn't drop the lawsuit. *See* Fla. Stat. Ann. §836.05. The Court should not let Mr. Rutstein's disregard of its order pass without consequence.

### III. REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), FFL respectfully requests a hearing on this motion. FFL requests that the hearing be thirty minutes in length. FFL seeks a hearing on this motion for the following reasons: (1) Mr. Rutstein's noncompliance has not abated, and FFL would like to apprise the Court of whatever his latest actions are at the time Motion is considered; (2) a hearing will afford FFL the opportunity to explain how Mr. Rutstein's pattern of conduct violates the Court's PI Order; (3) a hearing will provide FFL with the opportunity to respond to any questions the Court may have; and (4) a hearing will provide Mr. Rutstein with an opportunity to be heard before sanctions are imposed.

## IV. CONCLUSION

To protect consumers, and to enable FFL to vindicate its rights and the rights of the public, FFL respectfully submits that this motion for contempt and sanctions should be GRANTED in its entirety, along with such other relief as the Court may deem just and proper.

\* \* \*

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE THE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Date: June 14, 2022                                  Respectfully submitted,

                                                     /s/ Drew T. Bell
                                                     Drew T. Bell
                                                     Florida Bar No. 120435

E-mail: dbell@kslaw.com
KING & SPALDING LLP
*Attorney for Plaintiff Family First Life, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2022, a true and correct copy of the foregoing document was on the following:

| | |
|---|---|
| David Rutstein<br>Berab St. 15<br>Jerusalem 9430811<br>Israel<br>david.rutstein@gmail.com<br>david@naaip.org<br>*Defendant Pro Se* | Via Electronic Mail |
| Mindy Rutstein<br>c/o Toddler Town<br>Shachar St. 15<br>Jerusalem 9626323<br>Israel<br>*Defendant Pro Se* | Via United Parcel Service |
| Thomas J. Gruseck, Esq.<br>**THOMAS J. GRUSECK, ESQ.**<br>500 Australian Ave., Suite 600<br>West Palm Beach, FL 33401<br>t.gruseck@gmail.com<br>*Attorney for Defendant Eric Savage* | Via the Court's Electronic System |

/s/ *Drew T. Bell*
Drew T. Bell