IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FAMILY FIRST LIFE, LLC,

    Plaintiff,

v.

DAVID RUTSTEIN, a/k/a DAVID GORDON
a/k/a BOB GORDON, a/k/a NATE GOLDEN;
MINDY RUTSTEIN; ERIC SAVAGE;        Case No. 9:22-cv-80243-AMC
SAVAGE FINANCIAL GROUP; and the
NATIONAL ASSOCIATION OF
ACCREDITED INSURANCE
PROFESSIONALS

    Defendants.
_____/

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT ERIC SAVAGE, AND FOR ATTORNEYS' FEES, AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii)–(iv), Plaintiff Family First Life, LLC ("FFL"), by and through counsel, respectfully moves the Court to compel Defendant Eric Savage to respond to FFL's properly served Interrogatories and Requests for Production, and for FFL's Requests for Admission to Eric Savage to be deemed admitted based on his failure to respond. FFL also respectfully moves the Court pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) to grant FFL its reasonable expenses incurred in making this Motion, including attorneys' fees.

    I.    **Background**

Despite being given an extension and FFL's attempts to confer with Defendant Eric Savage, Defendant Eric Savage has failed to respond to FFL's properly served discovery requests and has not cited any proper objection to any of FFL's requests.

On September 5, 2022, FFL Served its First Set of Discovery Requests on Defendant Eric Savage, including Interrogatories, Requests for Production, and Requests for Admission. *See* Drew Bell Declaration ¶ 3, Ex. A–C. Pursuant to Federal Rules of Civil Procedure 33(b)(2), 34(b)(2)(A), and 36(a)(3), Defendant Savage's responses to FFL's discovery requests were due on October 5, 2022.

FFL has made multiple good faith attempts to confer with Defendant Savage on his failure to respond to discovery requests. On October 6, 2022, attorney for FFL, Drew Bell, contacted attorney for Defendant Savage, Thomas Gruseck, stating "[w]e have not received your responses to our written discovery served on September 4, 2022. Those responses were due on October 4. Could you please advise when we can expect to receive them?"[1] Bell Decl. ¶ 4, Ex. D. The same day, Attorney Gruseck replied, asking if FFL's attorney would agree to an extension through October 31. *Id.* at ¶ 5, Ex. D. Attorney Bell agreed to extend the deadline to October 31. *See id.* Defendant Savage again failed to file a response to the discovery requests by the deadline. *Id.* at ¶ 6. On November 1, 2022, Attorney Bell wrote to Attorney Gruseck again, stating "under our extension, your responses to our written discovery were due yesterday. If we do not receive your responses by the end of the week, we'll have to file a motion to compel." *Id.* ¶ 7, Ex. E. Attorney Gruseck did not respond to this message. *Id.* at ¶ 9. On November 9, 2022, Attorney Bell emailed Attorney Gruseck attaching a draft copy of this Motion to Compel discovery and another copy of the

---

[1] Attorney Bell initially miscalculated the date in which Defendant Savage's discovery responses were due—such responses were due on October 5, 2022.

motion for protective order. *See id.* at ¶ 8, Ex. F. To date, Defendant Savage has still failed to respond to FFL's request for discovery responses. *Id.* at ¶ 9.

## II. Argument

Pursuant to the Federal Rules of Civil Procedure, a party's responses to properly served discovery requests must be served upon the requesting party within thirty (30) days of when the party is served with the discovery request. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3).

Defendant Savage's responses to FFL's discovery requests, including Interrogatories, Requests for Production, and Requests for Admission, were due thirty days after service of the requests on September 5, 2022. After Defendant Savage failed to meet that deadline, FFL agreed to extend the deadline to October 31, 2022, as a courtesy. The extended deadline has passed, and Defendant Savage has once again failed to serve any answers or proper objections to FFL's discovery requests.

As a general rule, "[w]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." *Romacorp, Inc. v. Prescient, Inc.*, No. 10-22872-CIV, 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011) (quoting *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D.Fla.2010)). Here, because Defendant Savage failed to timely respond, any objections to FFL's Discovery Requests have been waived. The Court should order Defendant Savage to respond to FFL's First Set of Interrogatories and Requests for Production within ten (10) days of the Court's Order and enter an order deeming

3

FFL's Requests for Admissions as admitted pursuant to Federal Rule of Civil Procedure 36(a)(3).

The Court should also order Defendant Eric Savage to pay FFL its reasonable expenses incurred in making this Motion, including attorney's fees. Federal Rule of Civil Procedure 37(a)(5)(A) provides that, where a motion for an Order compelling disclosure or discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Although there are certain exceptional circumstances under which a court must not order this payment, including where the movant failed to attempt to confer in good faith prior to filing the motion, where the opposing party's failure to respond was substantially justified, or where "other circumstances make an award of expenses unjust[,]" Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), none of these circumstances apply here. *First*, Attorney Bell attempted to confer in good faith with Defendant Savage's attorney multiple times prior to filing this Motion and granted him a twenty-seven-day extension to file a response. Defendant Savage's attorney not only failed to file a response by the extended deadline, but also subsequently refused to reply to messages by Attorney Bell inquiring about the discovery request. *Second*, Defendant Savage's failure to respond to FFL's discovery requests is entirely without justification. And *last*, there are no special circumstances which would make an

4

award of expenses unjust where Defendant Savage has chosen to unjustifiably refuse to respond to FFL's discovery requests in their entirety.

### III.   Conclusion

FFL respectfully submits that this Motion should be GRANTED in its entirety. For the foregoing reasons, FFL requests the Court to order Defendant Savage to respond to FFL's First Set of Interrogatories and Requests for Production within ten (10) days of the Court's Order.  FFL also requests the Court enter an order deeming FFL's Requests for Admissions as admitted pursuant to Federal Rule of Civil Procedure 36(a)(3) and granting FFL reasonable expenses incurred in making this Motion, including attorney's fees, along with such other relief as the Court may deem just and proper.

* * *

## CERTIFICATE OF REASONABLE EFFORTS TO CONFER WITH ALL PARTIES

Pursuant to Local Rule 7.1.(a)(3)(A), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affect by the relief sought in the motion. Specifically, I sent an emails to Thomas Gruseck, Attorney for Defendant Eric Savage, on November 1, 2022 at 6:05 PM and November 9, 2022 at 8:13 PM asking to confer on the outstanding discovery. To date, I have not received a response from Mr. Gruseck.

//

//

//

Date: November 10, 2022                                                Respectfully submitted,

                                                                               */s/ Drew T. Bell*
                                                                               Drew T. Bell
                                                                               Florida Bar No. 120435
                                                                               E-mail: dbell@kslaw.com
                                                                               King & Spalding LLP
                                                                               *Attorney for Plaintiff Family*
                                                                               *First Life, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2022, a true and correct copy of the foregoing document was served on the following:

| | |
|---|---|
| David Rutstein<br>Berab St. 15<br>Jerusalem 9430811<br>Israel<br>david.rutstein@gmail.com<br>david@naaip.org<br>*Defendant Pro Se* | Via the Court's Electronic System |
| Mindy Rutstein<br>c/o Toddler Town<br>Shachar St. 15<br>Jerusalem 9626323<br>Israel<br>*Defendant Pro Se* | Via United Parcel Service |
| Thomas J. Gruseck, Esq.<br>THOMAS J. GRUSECK, ESQ.<br>500 Australian Ave., Suite 600<br>West Palm Beach, FL 33401<br>t.gruseck@gmail.com<br>*Attorney for Defendant Eric Savage* | Via the Court's Electronic System |

                                         */s/ Drew T. Bell*
                                         Drew T. Bell
                                         Florida Bar No. 120435