UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FAMILY FIRST LIFE, LLC,   Case No. 9:22-CV-80243-AMC

        Plaintiff,

v.

DAVID RUTSTEIN, a/k/a DAVID GORDON,
a/k/a BOB GORDON, a/k/a NATE GOLDEN,
MINDY RUTSTEIN, ERIC SAVAGE, AND THE
NATIONAL ASSOCIATION OF ACCREDITED
INSURANCE PROFESSIONALS,

        Defendants.
_____/

## DEFENDANT ERIC SAVAGE'S MOTION TO DISMISS AND FOR APPROPRIATE CONCOMITANT SANCTIONS FOR FRAUD ON THE COURT

### OVERVIEW

While an attorney "should represent his client with singular loyalty that loyalty obviously does not demand that he act dishonestly or fraudulently; on the contrary his loyalty to the court, as an officer thereof, demands integrity and honest dealing with the court. And when he departs from that standard in the conduct of a case he perpetrates a fraud on the court."

*See*, 7 James Moore, Federal Practice sec. 60.33 at 513 (1971); *see also Kupferman v Consolidated Research and Mfg. Corp.*, 459 F. 2d 1072, 1078 (2d Cir. 1972).

### FACTUAL BACKGROUND

This Court need not look far to readily determine that the shameless statement set forth by counsel for the Plaintiff, FAMILY FIRST LIFE, LLC appearing in its Third Amended Complaint as more particularly set forth in para. 73 on p. 15 that **"No lawsuit has been filed against FFL for fraud nor has any government entity found FFL has committed fraud."** to be a bold-faced misrepresentation and outright lie as to both halves of that assertion, as counsel either knew or should have known had he conducted a reasonable pre-suit investigation as mandated by Rule 11.

1

To wit, on June 3, 2022, seven weeks before the Third Amended Complaint was filed in this case, a class action suit based on "lead fraud" was filed against FFL and its CEO, Shawn Meaike, in the United States District Court for the Southern District of California, entitled *Birch, et al. v. Family First Life, LLC and Shawn Meaike*, Case No. 22cv0815. As to the assertion that no government agency has found that FFL has committed fraud, the FTC issued a cease and desist demand dated December 27, 2021, upon a finding by that agency that FFL was making misrepresentations to new agents. A copy of the Third Amended Complaint in this case is attached hereto as Exhibit "A" and incorporated herein by reference. A copy of the Complaint from *Birch, et al. v. Family First Life, LLC and Shawn Meaike* is attached hereto as Exhibit "B" and incorporated herein by reference. A copy of the FTC "cease and desist" demand dated December 27, 2021 is attached hereto as Exhibit "C" and incorporated herein by reference.

The foregoing false statement was material to the Plaintiff's claim for defamation, which alleged that that the Defendants David and Mindy Rutstein (the Rutsteins) were maligning and defaming the Plaintiff through sundry and diverse means of communication inclusive of and made available through social media to the effect that Plaintiff was indulging in various acts of fraudulent practices and in fact without limitation was the subject of class action suits some of which the Rutsteins claimed were "slam dunk."

Plaintiff's counsel's motivation in making the false allegation as referenced above is irrelevant. What is important and dispositive is that Plaintiff's counsel at the time believed the statement to be both material and relevant notwithstanding the fact that he knew or should have known upon placing his signature to the pleading as an officer of the court that the statement was completely false and a naked fabrication to play fast-and-loose with the court. He is now in no position to dispute its effectiveness upon both the court and the litigants.

**ARGUMENT**

I. **PLAINTIFF'S COUNSEL'S FRAUD ON THE COURT CANNOT BE TOLERATED AND WARRANTS THE ULTIMATE SANCTION**

In the seminal landmark case of *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) it was enunciated as etched in stone by the United States Supreme Court that there is nothing more egregious than when a fraud upon the court is committed. A "fraud on the court" occurs where it can clearly and convincingly be demonstrated that a party has consciously used some "unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter…" *Aoude v. Mobil Oil Corp.*, 892 F. 2d 1115, 1118 (1st Cir. 1989). ("[b]ecause corrupt intent knows no stylistic boundaries, fraud on the court can take many forms.")

Indeed, courts cannot lack the authority to "defend their integrity against unscrupulous marauders; if it were so, it would place at risk the fundament of the judicial system." *Id.*, 892 F. 2d at 1119. In *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, *supra*, Justice Black wrote: "tampering with the administration of justice…..involves more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot be complacently be tolerated consistently with the good order of society."

Indeed, consistent with the relief prayed for in the instant case, the *Aoude* Court found that a federal district court judge can order dismissal or default when a litigant has perpetrated fraud upon the court. *Aoude,* at 1119; *see also* *Wyle v. R. J. Reynolds Indus., Inc.,* 709 F. 2d 585, 589 (9th Cir. 1983) ("courts have inherent powers to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice.")

The entry of judgment or dismissal is the ultimate sanction. Cases calling for the "ultimate sanction" invariably rest upon the conviction that no lesser sanction will prevent the offending litigant through the machinations and artifices and artful dissembling of its counsel from continuing to lie or distort the truth so pervasively that it "prevent[s] the opposing party from fairly presenting his case or defense." *Nichols v. Klein Tools, Inc*., 949 F. 2d 1047, 1048 (8th Cir. 1991) (quotes and cite omitted); *Vargas v. Peltz*, 901F. Supp. 1572, 1579-83 (S.D. Fla. 1995) (dismissal of plaintiff's sexual harassment case was warranted by persistent pattern of misconduct by plaintiff and her husband, which included fraud on the court, fabrication of evidence, perjury, and obstruction of discovery process).

Use of the "ultimate sanction" addresses not only prejudice suffered by opposing litigants, but also vindicates the judicial system as a whole, for such misconduct threatens the very integrity of courts, which otherwise, "cannot command respect if they cannot maintain a level playing field amongst participants." *Derzack v. County of Allegheny, Pa*., 173 F.R.D., 400, 414 (W.D. Pa. 1996).

## II.     MOVANT'S EVIDENCE OF PLAINTIFF'S COUNSEL'S FRAUD ON THE COURT IS CLEAR AND CONVINCING

It is contended that the evidence of Plaintiff's counsel's fraud on the court is clear and convincing as it is nose-on-the-face plain that the damning statement set forth in Plaintiff's Third Amended Complaint and more particularly as appearing in para. 73 on p. 15 thereof that **"No lawsuit has been filed against FFL for fraud nor has any government entity found FFL has committed fraud."** was knowingly and intentionally authored by an officer of the court who obviously believed that he could "hoodwink" both the court and the litigants including the Movant.

Succinctly stated in reference to the foregoing analysis it is undeniable and beyond the realm of any argument to the contrary as facts are stubborn things that the evidence of counsel's

fraud on the court is clear and convincing. *TeleVideo Systems Inc. v. Heidenthal*, 826 F. 2d 915, 917-918 (9th Cir. 1987) (entry of default judgment appropriate for filing of false pleadings).

Those who lie, evade and fail to tell the truth obviously enjoy an advantage over honest litigants. The victimized opponent as here winds up "…..consuming substantial resources to respond to and undo the victimizer's lies and distortions." *Vargas v. Peltz*, 901 F. Supp. 1572, 1579-1583 (S.D. Fla. 1995); *see also Malautea v. Suzuki Motor Co.*, (11th Cir. 1993); *Pesaplastic, C.A. v Cincinnatti Milarcron Co.*, 79 F. 2d 1510, 1522-23 (11th Cir. 1986).

## RELIEF SOUGHT

For all the foregoing reasons it is respectfully requested that Plaintiff's Third Amended Complaint be dismissed with prejudice as the same relates to the claims against the Defendant, ERIC SAVAGE and that this Court further award commensurate attorney's fees and costs consistent with and as mandated by the unanimous host of authorities and Rule 11.

I HEREBY CERTIFY that a true copy of the foregoing has been provided by email this 22nd day of December, 2022 to: Drew T. Bell, Esq., 6304 Bon Terra Dr., Suite 1800, Austin, TX 78731; Marisa Maleck, Esq., 1700 Pennsylvania Ave., NW, 2nd Floor, Washington, DC  20006; David Rutstein, david.rutstein@gmail.com; and Mindy Rutstein, c/o David Rutstein.

THOMAS J. GRUSECK, ESQ.

/s/ Thomas J. Gruseck\
500 S. Australian Ave., Suite 600\
West Palm Beach, FL  33401\
Tel:  (561) 676-8681\
t.gruseck@gmail.com\
Fla. Bar No. 0112224\
*Attorney for Eric Savage*