IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FAMILY FIRST LIFE, LLC,

        Plaintiff,

v.

DAVID RUTSTEIN, a/k/a DAVID GORDON a/k/a BOB GORDON, a/k/a NATE GOLDEN; MINDY RUTSTEIN; ERIC SAVAGE; and the NATIONAL ASSOCIATION OF ACCREDITED INSURANCE PROFESSIONALS

Case No. 9:22-cv-80243-AMC

        Defendants.

_____/

**JOINT MOTION TO DISMISS DEFENDANT ERIC SAVAGE
WITH PREJUDICE**

Pursuant to Federal Rule of Civil Procedure 41(a), Plaintiff Family First Life, LLC ("FFL") and Defendant Eric Savage hereby file this Joint Motion to Dismiss Mr. Savage with Prejudice.

**I. Introduction**

FFL and Mr. Savage entered into an agreement in which Mr. Savage would fully and fairly cooperate with FFL's discovery requests and sit for a deposition. ECF Nos. 171, 173, 176. In exchange, FFL would dismiss its claims against Mr. Savage with prejudice. *Id.* FFL deposed Mr. Savage on March 15, 2023, and again March 27, 2023. ECF No. 192. Mr. Savage also cooperated in providing FFL with requested documents. ECF No. 192. Accordingly, FFL seeks to dismiss Mr. Savage from this action with

prejudice. Defendant David Rutstein did not respond when asked if he would stipulate to dismissal of Mr. Savage.

## II. Argument

This Court may dismiss Mr. Savage from this case upon this Joint Motion "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A dismissal under Rule 41(a)(2) should be granted in most cases unless the defendant will suffer clear legal prejudice as a result. *See Goodwin v. Reynolds*, 757 F.3d 1216, 1129 (11th Cir. 2014). Mr. Savage consents to this dismissal. The remaining Defendants are in default, and they will not face any prejudice if Mr. Savage is dismissed from the case. Under these circumstances, granting this Motion will serve to expeditiously dispose of this case. *See Kernechel v. United States*, No. 4:20-cv-78, 2022 WL 16925983, at *1 (N.D. Fla. Oct. 12, 2022) (granting voluntary dismissal where plaintiff entered stipulation with one defendant and other defendant was in default).

## CONCLUSION

FFL and Mr. Savage respectfully request that the Court dismiss Mr. Savage from this action with prejudice.

\* \* \*

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Date: April 7, 2023                         Respectfully submitted,

                                                   */s/ Drew T. Bell*
Drew T. Bell
Florida Bar No. 120435
King & Spalding LLP
500 West Second Street, Suite 1800
Austin, TX 78701
Telephone: (512) 457-2000
E-mail: dbell@kslaw.com

*Attorney for Plaintiff Family First Life, LLC*

*/s/ Morgan Weinstein* (with permission)
Morgan Weinstein, Esq.
Florida Bar No. 87796
TWIG, TRADE, & TRIBUNAL, PLLC
1512 East Broward Blvd, Suite 204A
Fort Lauderdale, FL 33301
Telephone: (954) 636-1653
E-mail: morgan@twiglaw.com

*Attorney for Defendant Eric Savage*

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2023, a true and correct copy of the foregoing document was filed electronically through the Court's ECF system. Notice of filing will be sent by operation of the Court's ECF system to all parties as indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

                                                                             */s/ Drew T. Bell*
                                                                             Drew T. Bell