UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80243-AMC

FAMILY FIRST LIFE, LLC,

        Plaintiff,

v.

DAVID RUTSTEIN, et. al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION ON MOTION FOR FEES [ECF No. 167]**

Plaintiff moves for $242,770.82 in attorneys' fees. ECF No. 167 ("Fee Motion"). The Fee Motion's certification of conferral says that Plaintiff "provided Defendant Rutstein with a draft of this Motion and conferred with him in a good faith effort to resolve the issues of entitlement to fees and the amount raised herein but were unable to do so." *Id.* at 9. Mr. Rutstein did not file a response to the Fee Motion. Nevertheless, I have conducted an independent review. *See, e.g., Carnival Corp. v. McCall*, No. 18-24588-CIV, 2021 WL 2338647, at *7 (S.D. Fla. Apr. 26, 2021) (Court must conduct independent review of fee request). For the following reasons, the Fee Motion should be granted as to entitlement and granted in part as to amount.

    I.    PROCEDURAL HISTORY

Plaintiff sued Defendants David Rutstein, Eric Savage, Mindy Rutstein, and National Association of Accredited Insurance Professionals (NAAIP) for violating the Lanham Act, the Florida Deceptive and Unfair Trade Practices Act, common law unfair competition, tortious interference with business relationships, libel, and civil

conspiracy. ECF No. 80. On April 7, 2022, the Court entered a temporary restraining order and preliminary injunction. ECF No. 28. Thereafter, Plaintiff moved to enforce the preliminary injunction through civil contempt because it alleged David Rutstein was violating the injunction order. ECF No. 57. Plaintiff asked for a coercive daily fine, a compensatory fine, attorney's fees and expenses. *Id*. at 14. After further litigation and supplementation of the pleadings, the Court held Mr. Rutstein in contempt and instructed Plaintiff to file a separate motion for attorney's fees and costs. ECF No. 158.

On February 1, 2023, Plaintiff filed the Fee Motion. Judge Cannon referred it to me for a report and recommendation. ECF No. 168.

II.     ATTORNEYS' FEES

A. *Entitlement*

"[A]n award of attorney fees to the injured party in a civil contempt case is within the district court's discretion." *Sizzler Family Steak Houses v. W. Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1534 (11th Cir. 1986) *quoted in PlayNation Play Sys., Inc. v. Velex Corp.*, 939 F.3d 1205, 1215 (11th Cir. 2019) (bracket in original). Fees can be awarded even where there is no willful disobedience of the court's order. *Play Nation*, 939 F.3d at 1215. But, "willfulness is a commonly accepted justification for awarding attorney fees." *Sizzler*, 793 F.2d at 1535.

Here, Judge Cannon found "by clear and convincing evidence that Mr. Rutstein has and continues to willfully violate the Court's PI Order." ECF No. 158 at 11. The sanctions were intended "to both coerce Mr. Rutstein into compliance with the PI but

2

also to compensate Plaintiff for the losses sustained in attempting to enforce the PI Order." *Id*. at 12. Therefore, Plaintiff is entitled to the attorneys' fees and costs it had to pay to enforce the injunction.

B. *Amount*

"In awarding fees for contempt, the court is not required to conduct a lodestar analysis." *LD Acquisition Co. 13 LLC v. Palmetto Bay Ctr., Inc.*, No. 1:19-CV-21857, 2021 WL 4976330, at *13 (S.D. Fla. Aug. 26, 2021) (J. Becerra) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Olympia Holding Corp.*, 140 Fed. Appx. 860, 864 n.1 (11th Cir. 2005)), *report and recommendation adopted*, No. 1:19-CV-21857-KMM, 2021 WL 4451365 (S.D. Fla. Sept. 29, 2021) (J. Moore). Attorney's fees are properly calculated by multiplying the number of hours reasonably spent in the contempt litigation by a reasonable hourly rate. *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *LD Acquisition*, 2021 WL 4976330 at *13. The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Hous. Auth. Of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

In determining the reasonableness of the rates sought, courts consider prior hourly rates awarded to other attorneys of similar experience in the community and also the court's own knowledge of the rates charged by local practitioners. *See*

3

*McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."); *see also Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143,144 (5th Cir. 1940)) ("The court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ."). Ultimately, courts should assess "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008) (The court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively.").

Fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)).

"Failing to lodge specific objections is generally deemed fatal" for a party opposing a motion for attorneys' fees. *Auto-Owners Ins. Co. v. Am. Yachts, Ltd.*, No. 06-80073, 2008 WL 11412068, at *6 (S.D. Fla. Feb. 6, 2008) (J. Hopkins) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997)), *report and recommendation adopted*, 2008 WL 11412069 (S.D. Fla. Feb. 26, 2008) (J. Hurley).

However, courts still have a duty to conduct an independent analysis to ensure that the attorney's fees sought are reasonable. *See Barnes*, 168 F.3d at 428 ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

Plaintiff asks for total fees of $242,770.82, which comprises work by four attorneys and one paralegal. Attached to the Fee Motion is an itemized tabulation that lists each individual billing entry for which reimbursement is sought, including the rate charged for that work. ECF No. 167-2. At the Court's direction, Plaintiff filed a supplemental notice that aggregated the total hours and rates for each timekeeper, as follows:

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Marisa Maleck | 46.85 | $1,080.00 | $ 50,598.00 |
| Marisa Maleck | 1.35 | $1,190.00 | $ 1,606.50 |
| Drew Bell | 17.7 | $1,110.00 | $ 19,647.00 |
| Rachel Brown | 122.48 | $ 600.00 | $ 73,490.57 |
| Rachel Brown | 5.1 | $ 670.00 | $ 3,417.00 |
| Amy Adovasio | 179.9 | $ 460.00 | $ 82,754.00 |
| Amy Adovasio | 2.65 | $ 495.00 | $ 1,311.75 |
| Olivia Carnegie | 24.05 | $ 395.00 | $ 9,499.75 |
| Olivia Carnegie | 1.05 | $ 425.00 | $ 446.25 |
| | | | $ 242,770.82 |

ECF No. 207.

I have independently reviewed the billing records supporting the Fee Motion. I find that the requested hours were reasonably incurred and are supported by a proper factual basis. I therefore recommend that all hours be awarded.

5

The requested hourly rates are excessive, however. The relevant legal market is Palm Beach County, Florida, where this case was litigated. *CityPlace Retail L.L.C. v. Wells Fargo Bank, N.A.*, No. 18-CV-81689, 2021 WL 3361172, at *6 (S.D. Fla. Jan. 12, 2021) (J. Reinhart). Plaintiff's requested rates are not calibrated to that market.

At all relevant times, Ms. Maleck was a partner in the Washington, D.C. office of King & Spalding.[1] She was licensed to practice law in 2012. ECF No. 167-1 ¶4. Her requested hourly rates are $1080 and $1190.

Mr. Bell is counsel in King & Spalding's office in Austin, Texas. ECF No. 167-1 ¶5. According to the Florida Bar website, he graduated law school in 2010 and was admitted to the Florida Bar in December 2015. His requested hourly rate is $1100.

Ms. Adovasio is a Senior Attorney in King & Spalding's Washington, D.C. office. She has over ten years of experience practicing law. ECF No. 167-1 ¶7. Her requested hourly rates are $460 and $495.

Ms. Brown is an Associate in the Washington D.C. office. ECF No. 167-1 ¶8. According to the firm website, she graduated from law school in 2021. Her requested hourly rates are $600 and $670.

Ms. Carnegie is a paralegal with 25 years' experience. ECF No. 167-1 ¶9. Her requested hourly rates are $395 and $425.

Based on my personal knowledge of rates charged by lawyers in Palm Beach County, I find only Ms. Adovasio's requested rates to be reasonable. My decision last

---

[1] The Court notes that the King & Spalding website reflects that Ms. Maleck died on April 17, 2023.

6

summer in *DJ Lincoln Enterprises, Inc. v. Google, LLC,* No. 20-CV-14159, 2022 WL 4287640, at *9 (S.D. Fla. July 28, 2022) (J. Reinhart), *report and recommendation adopted,* No. 2:20-CV-14159, 2022 WL 3754182 (S.D. Fla. Aug. 30, 2022) (J. Rosenberg), is instructive. There, lawyers from a prominent national law firm sought prevailing party fees for a litigation in Palm Beach County. I awarded hourly rates ranging from $375 (associate with three years' experience) to $760 (partner with over 20 years' experience). Applying the same analysis here, I find the following hourly rates to be reasonable for Plaintiff's lawyers:

| | |
|---|---|
| Ms. Mareck | $775 |
| Mr. Bell | $775 |
| Ms. Adovasio | $460/495 |
| Ms. Brown | $375 |

*See also, Global Digital Solutions, Inc. v. Grupo Rontan Electro Metalurgica, S.A.*, No. 18-80106-CV, 2021 WL 7630524, at *2 (S.D. Fla. Aug. 16, 2021) (J. Middlebrooks) (awarding hourly rates ranging from $420 to $820).

Mr. Carnegie's requested rates are also excessive in this market. In *Mt. Hawley Ins. Co. v. Roebuck,* No. 17-CV-80213, 2020 WL 5664949, at *2 (S.D. Fla. Sept. 2, 2020) (J. Matthewman), *report and recommendation adopted*, No. 17-CV-80213, 2020 WL 5658719 (S.D. Fla. Sept. 23, 2020) (J. Marra), Judge Matthewman awarded hourly rates of $235 and $175 to paralegals with eight years' and seven years' experience, respectively. Ms. Carnegie has even more experience. She also provided substantive work, such as preparing the contempt motion and its supplements. ECF

7

No. 167-1 ¶9. I find that an hourly rate of $265 is appropriate for her.

Finally, Plaintiff has not shown that competent counsel in West Palm Beach would not have been willing to work for the rates I am awarding. *See DJ Lincoln*, 2022 WL 4287640 at *8.

To summarize, I recommend the following attorneys' fees be awarded as a compensatory contempt sanction:

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Marisa Maleck | 48.2 | $ 775.00 | $ 37,355.00 |
| Drew Bell | 17.7 | $ 775.00 | $ 13,717.50 |
| Rachel Brown | 127.58 | $ 375.00 | $ 47,842.50 |
| Amy Adovasio | 179.9 | $ 460.00 | $ 82,754.00 |
| Amy Adovasio | 2.65 | $ 495.00 | $ 1,311.75 |
| Olivia Carnegie | 25.1 | $ 265.00 | $ 6,651.50 |
|  |  |  | $ 189,632.25 |

### III. COSTS

Plaintiff asks for $453.05 in costs, comprising five instances where they had to serve Mindy Rutstein in Israel with documents relevant to the contempt motion. ECF No. 167 at 9. A court can award costs as a sanction for civil contempt even if those costs would not be taxable under 28 U.S.C. §1920. The costs of serving Ms. Rutstein are documented in Plaintiff's submissions. These costs were necessary to the contempt litigation. The amount charged is reasonable for international express mail deliveries. These costs should be awarded.

8

## IV.  RECOMMENDATION

WHEREFORE, it is RECOMMENDED that Plaintiff be awarded $189,632.25 in attorneys' fees and $453.05 in costs as civil contempt sanctions.

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 6th day of June 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE