UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80243-AMC

FAMILY FIRST LIFE, LLC,

    Plaintiff,

v.

DAVID RUTSTEIN, et. al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON AMENDED MOTION FOR ATTORNEYS' FEES

Family First Life, LLC ("Family First") moves for an award of attorneys' fees under the Lanham Act and Florida law against David Rutstein and the National Association of Accredited Insurance Professionals ("NAAIP"). ECF Nos. 189, 221. For the following reasons, the motion should be GRANTED in full.

### I. PROCEDURAL HISTORY

Family First sued multiple defendants, including David Rutstein and NAAIP, for violating the Lanham Act and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), as well as common law unfair competition, tortious interference with business relationships, libel per se/defamation, and civil conspiracy. ECF No. 18. It moved for a temporary restraining order and preliminary injunction. ECF No. 19. Judge Cannon entered an injunction against David Rutstein based on Family First's FDUTPA claims. ECF No. 28.

Family First then asked that Mr. Rutstein be ordered to reimburse it for the attorneys' fees and costs incurred in litigating the preliminary injunction. ECF No. 49 ("the Injunction Fee Motion"). While the motion was pending, Family First asked to have Mr. Rutstein held in contempt for violating the injunction. ECF No. 57 ("the Contempt Motion"). Family First also filed a Third Amended Complaint that did not change the causes of action. ECF No. 80.

On January 13, 2023, Judge Cannon granted the Contempt Motion. ECF No. 158. As part of the civil contempt sanction, she found that Family First was entitled to recover from Mr. Rutstein the attorneys' fees and costs associated with the Contempt Motion. She denied the Injunction Fee Motion without prejudice and directed Family First to file a consolidated motion for fees related to both the Contempt Motion and the injunction litigation. *Id*. at 12.

On February 1, 2023, Family First filed a consolidated motion for fees and costs arising from the injunction and contempt litigation. ECF No. 167 ("Consolidated Fee Motion"). Judge Cannon referred the Consolidated Fee Motion to me for a report and recommendation. ECF No. 168. On June 6, 2023, I issued a Report and Recommendation that the Consolidated Fee Motion be granted in part and denied in part. ECF No. 209. Judge Cannon adopted that recommendation and entered an Order awarding $189,632.25 in fees and $453.05 in costs. ECF No. 214 ("Consolidated Fee Order").

On January 30, 2023, the Court entered default judgments on liability against David Rutstein, Mindy Rutstein, and NAAIP on Counts I (Lanham Act), III (common law unfair competition), IV (tortious interference), and V (libel/defamation) of the

2

Third Amended Complaint. ECF No. 165. The Court denied the request for default judgment on the FDUPTA claim.[1] As directed by Judge Cannon, Family First then filed a Motion for Default Judgment as to Damages against David Rutstein and NAAIP. ECF No. 189 ("the Default Judgment Motion").[2] Among the requested damages were "the costs of this action and attorneys' fees, which are still incurring." *Id*. at 1. Family First sought fees alternatively under the Lanham Act or as special damages for defamation. *Id*. at 19 & n.8.

Judge Cannon held a hearing on the Default Judgment Motion. She ordered Family First to file a Renewed Motion for Attorneys' Fees that conformed to the Consolidated Fee Order. ECF No. 217. On August 21, 2023, a default judgment on damages was entered against Mr. Rutstein and NAAIP. ECF Nos. 226, 228.

After the hearing on its Default Judgment Motion and consistent with Judge Cannon's July 2, 2023, Order, Family First filed an Amended Motion for Attorneys' Fees. ECF No. 221 ("Default Judgment Fee Motion"). Judge Cannon referred it to me for a Report and Recommendation. ECF No. 223. Neither Mr. Rutstein nor NAAIP has responded to the Default Judgment Fee Motion.

---

[1] Family First did not move for default judgment on the civil conspiracy claim. ECF No. 165 at 2, n.3.

[2] Family First did not seek monetary damages from Mindy Rutstein. ECF No. 165 at 26, n.14.

II. DISCUSSION

In the Default Judgment Fee Motion, Family First asks for fees incurred by the same five timekeepers involved in the Consolidated Fee Motion, and at the same rates awarded in the Consolidated Fee Order. In total, Family First asks for $838,236.

Neither Defendant has opposed the pending motion. "Failing to lodge specific objections is generally deemed fatal" for a party opposing a motion for attorneys' fees. *Auto-Owners Ins. Co. v. Am. Yachts, Ltd.*, No. 06-80073, 2008 WL 11412068, at *6 (S.D. Fla. Feb. 6, 2008) (J. Hopkins) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997)), *report and recommendation adopted*, 2008 WL 11412069 (S.D. Fla. Feb. 26, 2008) (J. Hurley). However, courts still have a duty to conduct an independent analysis to ensure that the attorneys' fees sought are reasonable. *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

1. *Entitlement to Fees*

Family First argues that Judge Cannon already determined it was entitled to the prevailing party fees it now requests. ECF No. 189 at 19 (citing ECF No. 158 at 12). It cites the Order granting the Contempt Motion where Judge Cannon granted leave to file a motion for fees and costs associated with the Contempt Motion. That Order found that Family First was entitled to fees as a contempt sanction; it was not a finding of entitlement to prevailing party fees under either the Lanham Act or Florida law.

Family First is entitled to reasonable fees and costs pursuant to the Lanham Act. Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "[T]o be an 'exceptional case' under the Lanham Act, requires only that a case 'stands out from others,' either based on the strength of the litigating positions or the manner in which the case was litigated." *Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). Family First is the prevailing party. Judge Cannon's findings in the Contempt Order — that Mr. Rutstein, alone and through NAAIP, engaged in a lengthy, concerted effort to contemptuously violate the Court's injunction — are sufficient to make this case "exceptional." *See, e.g.,* ECF No. 158 at 4-8 (detailing "willful and continuing" non-compliance with injunction between May and December 2022).[3]

2.  *Amount of Reasonable Fees*

In determining a reasonable fee under the Lanham Act, the Court applies the "lodestar" method, that is, by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Domond v. PeopleNetwork APS*, 750 F. App'x 844, 847–48 (11th Cir. 2018); *see also Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.,* 253 F.3d 1332, 1336-37 (11th Cir. 2001) (applying the lodestar method in Lanham Act case).

---

[3] In a footnote, Family First argues in the alternative that it is entitled to recover fees and costs as special damages on its defamation claim — Count V. ECF No. 189 at 19 n.8 (citing *Pony Exp. Courier Corp. of Fla. v. Zimmer*, 475 So. 2d 1316, 1318 (Fla. 2d DCA 1985)). Because Family First is independently entitled to fees under the Lanham Act, I need not address this argument.

5

The "reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The party seeking attorneys' fees bears the burden of proving that his requested rate is in line with prevailing market rates, and his own affidavit is insufficient to meet this burden. *Id.* In establishing a reasonable hourly rate, the court may consider certain factors, and rely on its own expertise. *Id.* at 1299, 1304.

In ascertaining the number of hours reasonably expended on the litigation, the district court should exclude any "excessive, redundant, or otherwise unnecessary" hours from the amount claimed. *Id.* at 1301 (quotation omitted). "[T]he hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Id.* (emphasis omitted).

*Domond*, 750 F. App'x at 847–48.

Family First asks for a total of $838,236, calculated using the following hourly rates and number of hours:

| Timekeeper | Hourly Billing Rate | Hours | Total Fees |
|---|---|---|---|
| Marisa Maleck | $775 | 360.45 | $279,348.75 |
| Drew Bell | $775 | 226.9 | $175,847.50 |
| Rachel Brown | $375 | 488.32 | $183,120.00 |
| Amy Adovasio (on or before December 31, 2022) | $460 | 262.9 | $120,934.00 |
| Amy Adovasio (on or after January 1, 2023) | $495 | 94.95 | $47,000.25 |
| Olivia Carnegie | $265 | 120.7 | $31,985.50 |
|  |  |  | **$838,236.00** |

In the Consolidated Fee Order, the Court determined that Family First's requested rates were reasonable in the West Palm Beach market. In support of its

6

requested hours, Family First submitted a detailed spreadsheet. ECF No. 221-2. Having reviewed that evidence, I find that Family First has properly excluded excessive, redundant, or otherwise unnecessary hours. So, I recommend that all requested hours be awarded at the requested rates.

## **RECOMMENDATION**

WHEREFORE, it is recommended that Family First's Amended Motion for Attorneys' Fees [ECF No. 221] be GRANTED in the amount of $838,236.00.


## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If a party does not not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 22nd day of August 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE